UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH R. BOIMAH,

        Plaintiff,      1:18-CV-683
                   (DNH/CFH)

  v.

LOUDON ARMS APT.,
        Defendant.

---

**APPEARANCES:**

Joseph R. Boimah
2 Old Hickory Drive, Apt. 2B
Albany, New York 12204
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

  Plaintiff pro se Joseph R. Boimah commenced this action on June 12, 2018 with the filing of a complaint. Dkt. No. 1 (Compl.). Plaintiff has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

### I. **IFP**

  Turning to plaintiff's IFP application, Dkt. No. 2, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter

IFP.[1]

## II. **Initial Review**[2]

### A. **Legal Standard**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Plaintiff is reminded that, although his IFP application has been granted, he is still required to pay any fees he may incur in this action, including, but not limited to, copying and witness fees.

[2] Any unpublished decisions cited to within this Report-Recommendation and Order are attached.

2

See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

3

well disguised." Id. (citations omitted).

## C. Analysis

Plaintiff purports to bring this action for discrimination on the bases of age, race, and disability. Plaintiff submitted his complaint on a form complaint for civil rights actions brought pursuant to 42 U.S.C. § 1983.
Plaintiff's complaint is handwritten, and, at times, difficult to read. However, to the extent it can be discerned, plaintiff is attempting to sue defendant, which is the apartment complex where he resides or has resided since 2005, for failure to renew his lease. Compl. at 2. Plaintiff contends that at some point after his wife passed away in 2016, after he complained to "management" about people selling drugs in the apartment complex and called the police, management refused to renew his lease. Id. In addition, after he complained, he began to be harassed by neighbors living in the apartment across the hall from his. Id. Plaintiff suggests that "management" had his neighbors harass him. The harassment involved "different people going back and forth, hanging their door" and interrupting his phone, television, and e-mail usage. Plaintiff contends that his neighbors would cause his television's cable system and his computer to be turned off while he was using them. Id. Plaintiff contends further that the neighbors would intentionally disrupt his internet use while he was attempting to apply for jobs online by causing his application to be erased before he could submit it. Id. Plaintiff knew his neighbors were causing this interference remotely because the tenants in apartment "2A will open their door and begin to laugh so loud that I could

hear them." Id.   Plaintiff contends that he paid his bills.  Id.  Plaintiff demands $50,000.00 "for all emotional pains they have causes [sic] me, I was force [sic] tp put my or some of the many things I have in storage."  Id. at 3.

Plaintiff attaches to the complaint several documents that appear to be notices from Loudon Arms to plaintiff demanding late unpaid rent.  Compl. at 4-6.  Plaintiff also attaches a letter stamped with the date June 7, 2018 from the U.S. Department of Housing and Urban Development accepting plaintiff's claim against Loudon Arms, LLC for housing discrimination, and indicating that it has referred his case to the New York State Division of Human Rights for investigation.  Id. at 7.  Plaintiff also attaches an undated, unsigned complaint form with the caption indicating it is a New York State Division of Human Rights complaint with the case number 10194582.  Id. at 9.  The complaint contends that he was discriminated due to his age (seventy), race (black), and his disability (unspecified).  Id.  Further attached to the complaint is what appears to be a complaint form plaintiff submitted to the New York State Division of Human Rights.  Id. at 11.  This form is dated as "received" on April 2, 2018.  Id.  Within the description of this complaint form, plaintiff states similar claims to those he set forth in the complaint before the Court: that his landlord has been harassing him and having neighbors harass him by making noise, and that he has complaint about issues with neighbors dealing drugs in the building, and his front door lock, and that the landlord is now asking him to move out.  Id.

Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff alleges that he was discriminated against on the basis of his age, race, and

5

disability.  However, plaintiff fails to allege that the "harassment" or refusal to renew his lease was due to his membership in any protected class.  Instead, plaintiff's complaint alleges that the harassment and denial of renewal of his lease was because of complaints he made to management about neighbors, drug dealing, and problems with his apartment.

First, plaintiff cannot bring this claim pursuant to 42 U.S.C. 1983.  Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting "under the color of" state law.  Betts v. Shearman, 751 F.3d 78, 84 (2d Cir. 2014) (citation omitted).  Plaintiff has named no state actors.  The only named defendant – his apartment complex or the entity owning the apartment complex – appears to be a private corporation.  There is nothing to support that Loudon Arms, a private actor, was performing a public function.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (quoting United States v. Price, 383 U.S. 787, 794 (1966)).

Arguably, reading the complaint very liberally, plaintiff may be attempting to bring claims under Title VII of the Civil Rights Act of 1968, the Fair Housing Act, 42 U.S.C. § 3604(b), §3604(f), which renders it unlawful "[t]o discriminate against any person in the ... rental of a dwelling, . . . because of race, color, religion, sex, familial status, or national origin" and 3604(f), which prohibits discrimination on the basis of disability.  The Fair Housing Act does not prohibit housing discrimination on the basis of age.  See, e.g., Logan v. Matveevskii, 157 F.Supp. 3d 309, 227 n.29 (S.D.N.Y. 2016).  Thus, insofar as plaintiff's complaint may be read to set forth a claim for age discrimination under the Fair Housing Act, such claim must be dismissed with prejudice.

6

Plaintiff's complaint fails to set forth race or disability discrimination claims under the Fair Housing Act. Although the New York State Division of Human Rights forms appended to the complaint state that plaintiff brought his claim for discrimination on the basis of age, race, and disability, both those forms and the complaint before the Court provide no indication that the refusal to renew his lease was due to his race, age, or disability. Instead, the complaint indicates that the refusal to renew the lease was due to management's apparent retaliation for his complaining about neighbors and drug dealing in the apartment complex. A refusal to renew a lease for these reasons is not prohibited under the Fair Housing Act.

As a final note, plaintiff has submitted forms that suggests that this matter may be pending with the New York State Division of Human Rights for alleged violations of the New York State Human Rights Laws; thus, this Court may not have jurisdiction over this matter as this case may still be pending. See Perry v. Arc, No. 10-CV-6337, 2010 WL 4721611, at *3-4 (W.D.N.Y. Nov. 22, 2010)[3] (noting that where plaintiff chose to file claim with the New York State Division of Human Rights about the same matters she seeks review of in federal court, federal court does not have jurisdiction due to the plaintiff's election of remedies, unless an exception applies). Thus, it is recommended that, should plaintiff file an amended complaint, the complaint must indicate the status of the complaint before the New York State Division of Human Rights.

As this Court must provide special solicitude to pro se plaintiffs, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), and in light of the

---

[3] The Court has provided plaintiff pro se with a copy of this unpublished decision.

understanding that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir.1983), it is recommended that plaintiff be provided one opportunity to amend his complaint in an attempt to cure the defects identified herein. Plaintiff is advised that, should the District Judge permit plaintiff to file an amended complaint, the amended complaint will replace and supercede the current complaint in its entirety and, thus, must contain any and all of the facts, allegations, and parties plaintiff wishes to include, and may not include any claims dismissed by this Court with prejudice.

Finally, the undersigned notes that plaintiff has been a fairly frequent litigant before this Court over a span of several years. All but two of his cases before this Court were dismissed as frivolous, and the remaining two were dismissed due to settlement/stipulation of dismissal. Boimah v. New York State Workers' Compensation Board, 1:18-CV-969 (BKS/DJS) (dismissed Aug. 13, 2018); Boimah v. Macquarie Aviation North America 2, Inc., et al., 1:09-CV-1397 (GLS/DRH) (dismissed on stipulation Feb. 4, 2011); Boimah v. Troy Police Dep't, 5:92-CV-34 (HGM) (dismissed Jan. 14, 1992); Boimah v. Western Ave. BBE, 1:01-CV-0005 (DNH/RWS) (dismissed June 26, 2001), Boimah v. Cumberland Farms (NAM/RFT) (dismissed Dec. 30, 2005), Boimah v. Filenes, 1:05-CV-1552 (LEK/DRH) (dismissed Jan. 24, 2006). Although this, alone, is not dispositive on the question whether this complaint may proceed, it is a matter the Court may want to consider.

8

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for in forma pauperis status (dkt. no. 2) is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1, be **DISMISSED**, and that plaintiff's (1) section 1983 claim and (2) age discrimination under the Fair Housing Act, be dismissed **with prejudice**, and that plaintiff's race and disability discrimination claims under the Fair Housing Act be dismissed **without prejudice** and opportunity to amend, and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order and permits plaintiff an opportunity to amend, plaintiff be given thirty (30) days from the date of filing of the District Judge's Order to file an amended complaint, and if plaintiff fails to file an amended complaint within those thirty days, the case will be dismissed without further order of the Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: August 22, 2018
      Albany, New York

                                         Christian F. Hummel
                                         U.S. Magistrate Judge